**In the Matter of Judy HONEYCUTT et al., Dependent and Neglected Children.**

No. 7250.

Court of Civil Appeals of Texas.

Texarkana.

July 19, 1960.

Rehearing Denied Aug. 16, 1960.

Welby K. Parish, Fulton, Hancock & McClain, Hollie G. McClain, Gilmer, for appellants.

Florence, Garrison & Holt, Gilmer, for appellee.

PER CURIAM.

This appeal is concerned only with the custody of three children of Mernor L. Honeycutt and his wife, Alma, both deceased. The children are Judy, a girl now 15 years of age, the eldest of the three, and the twins, Jerry and Joan, a boy and a girl, now 12 years of age. They were living near the community of Diana in Upshur County with their father and stepmother, Sarah, at the time of the father's death in August, 1959.

Mernor and Sarah were married in 1952, something over two years after the death of the children's mother, Alma, in 1949. After the father's death the children continued to live with their stepmother until the time of the trial. The proceeding in which custody became an issue was a de-

pendent and neglected child case instituted by Edwina Abel, an older sister of the children, and her husband, James Abel, the appellants in this court. The trial judge awarded the custody, care and control of the children to the stepmother, Sarah Honeycutt, the respondent in the trial court and appellee herein.

The parties do not disagree upon the law applicable in an appellate review of the trial court's judgment. The appellee contends that the record as a whole discloses an abuse of discretion by the trial judge in making the award.

A review of the record impresses this court with the tremendous burden of responsibility and the travail of mind and emotions thrust upon the trial judge in litigation of this nature, and the apparent inadequacies of the adversary system in reproducing the factual circumstances and environment surrounding the children and those who seek to give them care. However, the record presented has been thoroughly examined, and this court is not able to say with any degree of certainty that the trial court erred in reaching his judgment.

The facts developed did not present the trial court with a situation about which it can be said that all men of ordinary intelligence would reach the same conclusions. In reviewing the evidence it is clear that the trial judge might have rendered a different custody judgment which would find adequate support in the evidence. It is probable, however, that the trial judge concluded that the children's physical welfare and education was being given reasonable attention, and that their environment could, and probably as a result of this litigation, would be improved. To make an award of the children to the older sister would be to uproot the children and move them to a strange environment and custodial supervision outside of the judicial district, and substitute the unknown for the known. It is probable that the district judge considered any improvement over the deficiencies in their present surroundings offset by the necessity of making new adjustments in a strange area removed from many of the favorable factors that enter into custody as he awarded it.

It may not be said the judgment reached by the trial court is a result of an abuse of his judicial discretion. The trial judge, having the principals and witnesses in person before him, could observe their demeanor and deportment and assess the truth and weight of their testimony, as well as reach conclusions respecting character and integrity, much better than this court may do from the typed pages of a statement of fact.

It is concluded that under the record presented the trial judge, concerned as he was for the best interest and welfare of the children, did not ignore either law or the great weight and preponderance of fact in reaching his decision, and no abuse of discretion is shown by the award made.

It becomes the duty of this court to affirm the judgment of the trial court, and it is so ordered.

FANNING, J., concurs in affirmance.

DAVIS, J., dissents.